544

**MARSHALL, Deputy Commissioner, et al.**
**v. JOHNSON.**
No. 9888.

Circuit Court of Appeals, Ninth Circuit.
April 30, 1942.

Carl C. Donaugh, U. S. Atty., Edward B. Twining and C. Laird McKenna, Asst. U. S. Attys., Harry B. Beckett, Calvin N. Souther, Robert T. Mautz, and Wilbur, Beckett, Howell & Oppenheimer, all of Portland, Or., and John H. Black, of San Francisco, Cal., for appellants.

Wm. P. Lord and T. Walter Gillard, both of Portland, Or., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

This appeal was taken from a decree of the court below setting aside a supplementary compensation award made by appellant Marshall under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

Appellee, while working as a longshoreman, sustained an injury consisting of an abrasion on the right leg above the ankle, on June 3, 1936. He was confined to the hospital on June 13, 1936, and was discharged on June 24, 1936. Appellant insurer paid appellee compensation until November 4, 1936. Appellee filed a claim for further compensation, and after a hearing, the Deputy Commissioner, on March 4, 1937, found that while appellee was confined to the hospital he caught a cold as the result of being exposed to a draft from an open window, and that the exposure of the claimant to the draft, which in turn caused the cold, resulted in the total disability of appellee. Based on such findings, the Deputy Commissioner made a compensation award to "be paid to [appellee] until the termination of his disability or the further order of the Deputy Commissioner".

The insurer paid appellee compensation until September 13, 1940, when another hearing was held by the Deputy Commissioner at the insurer's request. Thereafter, the Deputy Commissioner made supplementary findings reciting the action he had previously taken, and finding: "Upon the basis of the testimony presented at the hearing on September 13, 1940, I find that the claimant is disabled as the result of a hypertensive cardiovascular disease and general breakdown and that on September 13, 1940, the claimant had recovered from the disability caused by the said injury sustained on June 3, 1936; that the claimant is entitled to 208-5/7 weeks' compensation at $14.26 per week and amounting to $2,976.27; that the employer has paid $3,204.43 to the claimant as compensation."

Based on that finding, the Deputy Commissioner made a supplementary award which in effect terminated appellee's right to compensation.

Appellee then filed the present proceedings to set aside the supplementary award. The court below set aside the supplementary award because there was no evidence to sustain the supplementary findings above quoted. The court reasoned that since the Deputy Commissioner did not find that he was mistaken in the original findings, and since there was no evidence to support the findings showing a change of conditions, there was no basis on which the supplementary award could be made. From the

decree setting aside the supplementary award, this appeal was taken.

Section 22 of the act as amended, 33 U.S.C.A. § 922, provides in part: "Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation * * * review a compensation case * * * and * * * issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. * * *"

This is the particular statute considered by the court below.

Compensation for total disability, both permanent and temporary, under the terms of the act, is payable only "during the continuance" of such disability. 33 U.S.C.A. § 908. The first award required payment of compensation to appellee "until the termination of his disability". It was apparently thought, here, that under such an award, change thereof could be made only under § 22 of the act. No consideration was given to § 14(h) of the act, 33 U.S.C.A. § 914(h), which provides in part: "The deputy commissioner * * * shall in any case where right to compensation is controverted * * * upon receipt of notice * * * from the employer, that the right to compensation is controverted * * * make such investigations, cause such medical examinations to be made, or hold such hearings, and take such further action as he considers will properly protect the rights of all parties."

While action of the Deputy Commissioner under § 22 is conditioned on either a "mistake" or "change of conditions", § 14 contains no such conditions, and therefore is much broader than § 22. Whether § 14 is applicable here, and if so what its effect is, are questions not argued and upon which we express no opinion.

Pursuant to § 22 of the act, the Deputy Commissioner had the power to terminate compensation "on the ground of a change in conditions or because of a mistake in a determination of fact". The supplemental findings of the Deputy Commissioner were to the effect that appellee was disabled from June 3, 1936 to September 13, 1940, on which latter date, appellee had recovered from

the disability suffered on June 3, 1936. The change in condition, that is, recovery from disability, was made clear by the finding of the Deputy Commissioner. The only question presented is whether there was any substantial evidence to support such finding.

At the hearing on September 13, 1940, Dr. Goldsmith and Dr. Selling testified for the insurer, and the claimant testified in his own behalf. It is unnecessary to state in detail the testimony of the doctors other than to say that they were of the opinion that appellee's disability was not caused by the injury he sustained on June 3, 1936, or the cold he caught when he was confined to the hospital, and that appellee's condition was worse than it was at the hearings resulting in the first award. The effect of this testimony is not that appellee had recovered, but that the original finding of the Deputy Commissioner, that appellee's disability resulted from his injury, was erroneous.

The Deputy Commissioner believed the testimony that appellee's disability was "a hypertensive cardiovascular disease and general breakdown" because there is a finding to that effect. Did he also believe the testimony that such disability was not caused by the injury of June 3, 1936? He made no finding on that issue, but the finding that appellee was "entitled" to compensation at a specified weekly rate is inconsistent with the conclusion that he believed such testimony, because if appellee was "entitled" to compensation, his disability must have resulted from the injury of June 3, 1936.

The suggestion that when the Deputy Commissioner found that appellee was "entitled" to $2,976.27 as compensation, the Deputy Commissioner meant that appellee was "entitled to keep" $2,976.27 as compensation, might have some force were it not for the fact that $3,204.43 had been paid to appellee as compensation. If the Deputy Commissioner had meant "entitled to keep" instead of "entitled" he would have found that appellee was entitled to keep the amount paid him as compensation, that is $3,204.43 instead of $2,976.27. The Deputy Commissioner could not, therefore, have intended to set aside the award on the ground of mistake, because he in effect finds that no mistake was made.

The only other ground upon which the action of the Deputy Commissioner can be sustained is that there has been a change of conditions. The change of condition, found by the Deputy Commissioner to exist, was the recovery from disability resulting from the injury of June 3, 1936 by appellee. There is no evidence of that fact in the record before us. The evidence shows appellee's disability to be worse rather than to have disappeared. There is evidence that such disability was not caused by appellee's injury on June 3, 1936, but the Deputy Commissioner, as above shown, declined to believe such testimony. The award in question should be set aside.

In this connection, the court below did not set aside the compensation order, but directed the Deputy Commissioner to do so. In addition, the trial court directed the Deputy Commissioner to fix the amount of compensation to be paid to appellee. Section 21 of the act, 33 U.S.C.A. § 921, relating to review of compensation orders, authorizes the court to suspend or set aside the compensation order. It does not expressly authorize the additional provision referred to above. By omitting such provision, and by setting aside the award, the Deputy Commissioner will be free to take such action on the pending controversial filed by the insurer, as he deems to be appropriate. The decree of the court below should be modified so as to directly set aside the compensation order in question, and so as to omit the additional provision referred to. As so modified, the decree is affirmed.

HEALY, Circuit Judge (dissenting).

Claimant is a man somewhat advanced in years, being 67 in 1940. At the supplementary hearing the doctors testified that he was suffering from a diseased heart condition and general breakdown. Both physicians were familiar with the history of the case and with the claimant's hospital record following the accident, and both testified positively that the effects of the injury—which was minor in character—and the ensuing cold had rather quickly spent themselves; and that the claimant's existing disability was in no way caused or contributed to by the injury or its aftermath of cold.

It is abundantly clear, I think, that the deputy commissioner believed the testimony of the physicians and that he adopted their view of the matter. His supplementary order terminating the compensation was as follows: "The injury sustained by

the claimant on June 3, 1936, was an abrasion of the right leg above the ankle; while in the hospital for the care of the said injury the claimant acquired a cold, and the award of compensation in the compensation order of March 4, 1937, was based upon the finding that the injury was the proximate cause of claimant's continuing disability. Upon the basis of the testimony presented at the hearing on September 13, 1940, I find that the claimant is disabled as the result of a hypertensive cardiovascular disease and general breakdown and that on September 13, 1940, the claimant had recovered from the disability caused by the said injury sustained on June 3, 1936; that the claimant is entitled to 208-5/7 weeks' compensation at $14.26 per week and amounting to $2,976.27; that the employer has paid $3,204.43 to the claimant as compensation."

Upon these facts there was a supplementary award to the effect that the employer "shall pay to the claimant compensation as follows: $2,976.27; that the employer shall have credit on this award for $3,204.-43 previously paid to the claimant as compensation."

It seems plain enough from these findings that the deputy commissioner was of the belief that he had been in error in his earlier award. Certainly, the findings reflect the view of the officer that the claimant was not at the time of the supplementary hearing suffering from any compensable disability, or from any disability growing out of the injury and its aftermath. From what has been said of the medical testimony it is apparent that there was ample evidence to support this view. Findings in this sort of proceeding are usually informal. It was not necessary that the words "mistake" or "change in conditions" be used, and neither phrase was in fact employed here; it is enough that the deputy commissioner find, as he did, that the claimant was no longer disabled as a consequence of the injury.

I see no occasion for confusion because of the language of the supplementary award. It was merely the deputy commissioner's way of saying that the claimant was entitled to the amounts paid him as compensation under the previous award, and that the employer was relieved of any obligation to pay further compensation. The statute dealing with the modification of awards, 33 U.S.C.A. § 922, provides that "such new order shall not affect any compensation previously paid."